IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES E. GRANT,

Petitioner,

v.

DEPARTMENT OF CORRECTIONS,

Respondent.

ORDER

11-cv-583-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 3, 2011, I dismissed James Grant's petition for a writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for petitioner's failure to exhaust his state court remedies. Also, in the November 3 order I denied petitioner's request for a certificate of appealability. Now before the court is petitioner's notice of appeal.

In his notice of appeal, petitioner asks this court to accept his late notice of appeal because he "did not know what [he] was doing." Rule 4(a)(1)(A) requires a notice of appeal in a civil case to be filed within 30 days after the judgment or order appealed from is entered. The 30-day time period can be extended for good cause, but only if the party seeking to appeal requests an extension no later than 30 days after the time for filing an appeal has expired. Fed. R. App. P. 4(a)(5). Petitioner did not file his request to file a late notice of appeal until more than three months after the expiration of the time for filing an appeal, which means that this court has no authority to extend the time for filing. In these

circumstances, petitioner's motion for an extension of time must be denied. However, only the Court of Appeals for the Seventh Circuit may determine whether it has jurisdiction to entertain an appeal. Hyche v. Christensen, 170 F.3d 769, 770 (7th Cir. 1999).

Turning to petitioner's notice of appeal, because he has not paid the $455 filing fee for his appeal, I construe his notice as a request to proceed in forma pauperis on appeal. In addition to finding that petitioner is indigent, this court must find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). I cannot certify that petitioner's appeal is taken in good faith. I denied his petition without prejudice, giving him an opportunity to submit a new petition after he fully exhausted his state court remedies. Because petitioner has not suffered any prejudice as a result of my order, no reasonable person could suppose there is any merit to his appeal.

I am certifying that petitioner's appeal as not having been taken in good faith, so he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of his request leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Petitioner should be aware that he must file these documents in addition to the

notice of appeal he has filed previously.

If petitioner does not file a motion requesting review of this order, the court of appeals might not address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require petitioner to pay the entire $455 filing fee before it considers his appeal. If petitioner does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

## ORDER

IT IS ORDERED that petitioner James Grant's motion for an extension of time to file his notice of appeal, dkt. #17, is DENIED.

Further, IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis on appeal, dkt. #17, is DENIED because I am certifying that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5). The clerk of court is requested to insure that petitioner's obligation to pay the $455 filing fee for the appeal is reflected in this court's financial records.

Entered this 15th day of March, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge